CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL E. WYATT, | ) | CASE NO. 7:13CV00442 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Michael E. Wyatt, a Virginia inmate proceeding pro se, filed this petition on a form designed for inmates seeking a writ of habeas corpus under 28 U.S.C. § 2241, which is generally used to challenge execution of federal sentences. Because Wyatt indicates his intention to challenge the validity of his detention under a state court judgment, the court construes his petition as arising under 28 U.S.C. § 2254. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies.[1]

Wyatt's petition states that he is challenging convictions from a trial on June 24, 2013 at the courthouse in Chatham, Virginia. He raises claims of juror misconduct, court error related to jurors' questions, and ineffective assistance of counsel. State court records available online indicate that Wyatt was convicted in June 2013 in Pittsylvania County Circuit Court of statutory burglary, grand larceny, and possession of a firearm as a convicted felon. The court sentenced Wyatt to a total of 25 years in prison. Although Wyatt states that he did not appeal, online

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

records indicate that he has a direct appeal pending in the Court of Appeals of Virginia related to his 2013 convictions in Pittsylvania County.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after his conviction in the trial court, the petitioner can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. As to claims that generally cannot be addressed on appeal, such as claims of ineffective assistance of trial counsel, the petitioner's state court remedies in Virginia include filing a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-411, or in the alternative, filing a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows in exhausting state court remedies, a petitioner must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

As stated, records indicate that Wyatt has a pending state court appeal. In addition, Wyatt indicates in his petition that he has never filed a petition for a writ of habeas corpus, and state court records available online are consistent with this statement. Because these records indicate that Wyatt has not presented his current claims to the Supreme Court of Virginia, either on appeal or in state habeas corpus proceedings, it is clear that he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, this court must dismiss his § 2254

petition without prejudice.[2] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of September, 2013.

/s/ James C. Turk
Senior United States District Judge

---

[2] The court notes that even if Wyatt had exhausted his state court remedies, his § 2254 petition does not clearly state the claims he wishes to bring. If he decides to pursue a § 2254 petition after exhausting state court remedies, he will need to provide specific information about the judgment(s) he is challenging and make a more complete statement of the constitutional errors he claims and the facts on which those claims are based. For example, if he wishes to claim that counsel provided ineffective assistance, he must state facts concerning what his attorney allegedly advised him or failed to advise him, why he believes this advice was deficient, and how that advice adversely affected the outcome in his criminal case. See Strickland v. Washington, 466 U.S. 668, 669 (1984).